TONKON TORP LLP
STEVEN M. WILKER, SBN 150946
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204-2099
Telephone: (503) 802-2040
Facsimile: (503) 972-3740
Email: steven.wilker@tonkon.com

Attorneys for Defendant CanAm Pet Treats, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCEAN SW, INC., and U.S. PET NUTRITION, LLC,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>CANAM PET TREATS, INC., and DOES 1 through 50, inclusive,<br><br>　　　　　　　　Defendants. | Case No. 3:14-cv-2059-BAS-KSC<br><br>**DEFENDANT CANAM PET TREATS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER OR DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Judge: Hon. Cynthia Bashant<br>Courtroom: 4B<br>Hearing Date: October 13, 2014<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

## I. INTRODUCTION

Defendant CanAm Pet Treats, Inc. ("CanAm"), moves to dismiss or transfer this case pursuant to FRCP 12(b)(2) and 28 U.S.C. §§ 1406(a) and 1631 because CanAm, a Canadian company, has no connection to California that would create personal jurisdiction in this action. Specifically, defendant CanAm moves to transfer this case to the United States District Court for the Western District of Missouri because the action could have been brought there originally and that District is the appropriate forum to resolve this dispute. Indeed, plaintiffs filed this case in response to CanAm's letters from its Canadian counsel to plaintiffs explaining that plaintiffs were in breach of obligations owed to CanAm, including obligations relating to a sub-lease providing for exclusive jurisdiction in Missouri. (Declaration of Brian Connolly, submitted herewith, Ex. 5). CanAm is preparing to file a complaint in that forum now. The Court should grant the motion to transfer this case to the Western District of Missouri and allow the parties to resolve all of their disputes there.

## II. FACTUAL BACKGROUND

### A. Defendant CanAm has no connection to California.

Defendant CanAm is a company organized and existing under the laws of British Columbia, Canada. Its principal place of business and corporate offices are located in British Columbia. It has a manufacturing facility in Milan, Missouri, which also houses its United States corporate offices. Can Am manufactures and distributes pet treats that are sold throughout Canada and the United States. (Connolly Decl., ¶ 2).

CanAm does not have any offices or facilities in California. It does not have any employees in California. None of CanAm's officers or directors resides in California. CanAm's sole connection to California is that it markets and sells products

into California in the ordinary course of its business, just as it markets and sells throughout North America. (Connolly Decl., ¶ 3).

### B. The Canadian receivership that led to the claims asserted here.

Darford International, Inc. ("Darford") was a company existing and organized under the laws of British Columbia, Canada. It was in the business of manufacturing and distributing pet treats throughout North America. Plaintiffs Ocean SW and USPN were both investors in Darford. USPN was also a distributor for Darford in the United States. (Connolly Decl., ¶ 4).

Darford began experiencing financial difficulties and went into receivership. The receivership occurred in British Columbia and was governed by the laws of British Columbia, with the receiver located in Vancouver, B.C. CanAm is a Canadian company that was created to, and ultimately did, purchase certain of the assets of Darford as part of a liquidation plan approved by the court in British Columbia. (Connolly Decl., ¶ 5).

As part of the Canadian receivership and in connection with its purchase of the Darford assets, CanAm (directly and through its wholly-owned subsidiary, Darford Holding Company, Inc.) entered into a series of related agreements with the plaintiffs: (1) a Distribution Agreement with USPN; (2) a Sub-Lease with USPN; and (3) a promissory note with Ocean SW. These agreements were all part of an overall agreement between CanAm (as the Darford asset purchaser) and USPN/Ocean SW (as the former distributor for and investors in Darford). (Connolly Decl., ¶6).

The Distribution Agreement between CanAm and USPN sets out the terms of a product distribution relationship between CanAm and USPN. (Connolly Decl., ¶ 7, Ex. 1). It specifically stated that the parties were entering into the agreement in part because CanAm agreed to recognize prior indebtedness owed to Ocean SW by Darford. In other words, the parties agreed and understood that CanAm

would be voluntary undertaking to repay a debt to Ocean SW that CanAm was not obligated to pay. CanAm therefore executed a promissory note in favor Ocean SW, which is the subject of this lawsuit. The promissory note specifically provides that it is governed by the laws of British Columbia, Canada. (Connolly Decl., ¶ 7, Ex. 2).

The Distribution Agreement also set out specific obligations for USPN related to the Milan, Missouri facility that CanAm was going to sub-lease from USPN. As contemplated by the Distribution Agreement, CanAm, USPN and the landlord entered into a sub-lease for the facility in Milan, Missouri. (Connolly Decl., ¶ 8, Ex. 3). Unfortunately, USPN failed to secure terms for the sub-lease that were consistent with the terms that were promised in the Distribution Agreement. Instead, the terms were much less favorable to CanAm. Even worse, USPN defaulted under the terms of the Master Lease and CanAm was forced to negotiate with the Master Lessor under the threat of eviction (after having begun operations at the facility). The operative sub-lease incorporates all of the terms of the Master Lease, including a provision in which USPN consented to exclusive jurisdiction in Missouri.[1]

Importantly, none of the relevant agreements described above arising out of the Canadian receivership provide for jurisdiction in California. Nor do any of the agreements provide for the application of California law. And the promissory note expressly provides for the application of British Columbia law.

/ / /
/ / /
/ / /

---

[1] The Lease states that the claims must be brought in the state courts in Sullivan County, Missouri or in the federal courts for the "Northern District of Missouri." There is no Northern District in Missouri. (Connolly Decl., Ex. 4). However, the federal court covering Sullivan County, Missouri, where the leased facility is located, is the Western District of Missouri.

## III. THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT CANAM IN THIS ACTION

A district court has personal jurisdiction over a defendant if a state long-arm statute confers jurisdiction and the exercise of such jurisdiction does not offend constitutional due process. *High Tech Pet Products, Inc. v. Shenzhen Jianfeng Elec. Pet Product Co.*, 2014 WL 897002, * 4 (E.D. Cal.). Because California has interpreted its long-arm statute to be co-extensive with constitutional due process, the jurisdictional inquiry collapses into a single question: does the exercise of jurisdiction over the defendant violate due process? *Id.*

This question of constitutional due process ordinarily involves a three-part inquiry that considers the individual defendant's connection to the forum state. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006). Those factors are as follows:

> (1) The nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.* If any of the three requirements above are not met, then the Court lacks personal jurisdiction over the defendant.

In February, the United States Supreme Court unanimously reversed a finding of personal jurisdiction by the Ninth Circuit that had been based on the plaintiff's contacts and alleged effects in plaintiff's chosen forum. *Walden v. Fiore*, 134 S. Ct. 1115 (2014). In *Walden*, the Court made it clear that it is the defendant itself that must create sufficient contacts with the forum state for the exercise of

personal jurisdiction to be permissible, reiterating that, under well-established principles of personal jurisdiction, the proper focus of the "minimum contacts" inquiry is "the relationship among the defendant, the forum and the litigation. [I]t is the defendant, not the plaintiff or third-parties, who must create contacts with the forum state." *Walden*, at 1126.

In *Walden*, plaintiffs had sought to sue the defendant, a federal officer, in a Nevada court contending that, although the officer had taken steps relating to seizure of their property while they were in a Georgia airport, the defendant could be brought to Nevada courts because he knew they were based in Nevada and knew that his conduct would cause them harm in Nevada. The Ninth Circuit agreed with plaintiffs, and concluded that the defendant had established sufficient contacts in Nevada to justify personal jurisdiction in that state.

The Supreme Court reversed, finding there was no personal jurisdiction. After reviewing its past case law, the Court reiterated the key principles governing the exercise of personal jurisdiction over out-of-state defendants:

> "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him. To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. <u>But a defendant's relationship with a plaintiff or third-party, standing alone, is an insufficient basis for jurisdiction</u>. Due process requires that the defendant be haled into court in a forum State based on <u>his own</u> affiliation with the State, not based on the random fortuitous, or attenuated contacts he makes by interacting with the other person's affiliation with the State."

*Id.* at 1122-23 (internal quotations and citations omitted).

Applying those same principles to this case, it is plain that CanAm lacks sufficient contacts for this Court to assert jurisdiction over it in California. Plaintiffs may argue that CanAm entered into agreements with California companies and thus knew that an alleged breach of those agreements would cause harm to plaintiffs in California. That is precisely the argument that the Supreme Court rejected in *Walden*. After noting that both the plaintiffs and the Ninth Circuit had relied on the defendant's knowledge of plaintiff's forum connections and the fact that the plaintiffs would suffer foreseeable harm in Nevada, the Supreme Court concluded that this:

> "analysis impermissibly allows a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis. [Defendant's] actions in Georgia did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections. Such reasoning improperly attributes a plaintiff's forum connection to the defendant and makes those connections decisive in the jurisdictional analysis."

*Id.* at 1125 (internal citations and quotations omitted).

In this case, the only so-called connections that CanAm has with California are its sales of products into the state and the plaintiffs' presence in the state. CanAm's sales into California are not related to the claims in this case—meaning they cannot be used to create specific jurisdiction—and they are not sufficient to confer general jurisdiction. *See Daimler AG v. Bauman*, 134 S.Ct. 746, 751 (2014) (general jurisdiction over a corporation exists only where the corporation's contacts "render it essentially at home" in the forum state); *Martinez v. Aero Caribbean*, 2014 WL 4100585, *1 (9th Cir. 2014). The plaintiffs' presence in California is not enough to confer jurisdiction over CanAm here, as the Supreme Court made clear in *Walden*. As a result, this Court does not have personal jurisdiction over defendant CanAm in this action.

## IV. THE COURT SHOULD TRANSFER THE ACTION TO THE WESTERN DISTRICT OF MISSOURI OR, ALTERNATIVELY, DISMISS THE ACTION.

This Court has the authority under FRCP 12(b)(2) to dismiss this action because it lacks personal jurisdiction over defendant CanAm. It may also transfer the action to another district where the action could have originally been brought. 28 U.S.C. §§ 1406(a) and/or 1631. A transfer under Section 1631 is appropriate if (1) the transferring court lacks jurisdiction, (2) the transferee court has jurisdiction and (3) transfer is in the interest of justice. *NationalEFT, Inc. v. Checkgateway, LLC*, 2013 WL 593759, *10 (S.D. Cal.). Likewise, a transfer under Section 1406(a) is proper if venue is improper in the chosen forum. *Johnson v. Law*, 2014 WL 1924734, **4-5 (S.D. Cal.).

This case should be transferred to the Western District of Missouri. First, this court lacks personal jurisdiction over defendant CanAm and therefore lacks venue over it as well. *See* 28 U.S.C. § 1391(c)(2). Second, defendant CanAm is subject to personal jurisdiction in the Western District of Missouri. Indeed, CanAm has a facility and offices located in that District, and the Sub-Lease (by incorporating the terms of the Master Lease) provides for exclusive jurisdiction in Missouri.

Finally, transfer is in the interest of justice. "Normally, transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). Transferring the case to the District where certain of the claims must and will be resolved makes more sense than an outright dismissal.

/ / /

/ / /

/ / /

Indeed, CanAm is preparing to pursue its claims against plaintiffs in the Western District of Missouri and will be filing those claims shortly.

DATED: September 9, 2014          TONKON TORP LLP

By: */s/ Steven M. Wilker*
STEVEN M. WILKER, SBN 150946
Attorneys for Defendant CanAm Pet Treats, Inc.

|   | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I, Steven M. Wilker, hereby certify that on this 9th day of September, |
| 3 | 2014, a true and correct copy of the foregoing document was filed electronically. |
| 4 | Notice of this filing will be sent by electronic mail to all counsel of record by |
| 5 | operation of the Court's electronic filing system. Parties may access this filing |
| 6 | through the Court's system. |

By: */s/ Steven M. Wilker*
Steven M. Wilker, SBN 150946

080000/02053/5869233v1