TONKON TORP LLP
STEVEN M. WILKER, SBN 150946
888 SW Fifth Avenue, Suite 1600
Portland, OR  97204-2099
Telephone: (503) 802-2040
Facsimile: (503) 972-3740
Email:  steven.wilker@tonkon.com

Attorneys for Defendant CanAm Pet Treats, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCEAN SW, INC., and U.S. PET NUTRITION, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CANAM PET TREATS, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:14-cv-2059-BAS-KSC<br><br>Assigned to:<br>Judge Cynthia Bashant<br>Magistrate Judge Karen S. Crawford<br>Courtroom: 4B<br>Hearing Date:  October 13, 2014<br><br>**DEFENDANT CANAM PET TREATS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION** |

## I.    INTRODUCTION

Plaintiffs' opposition memorandum misses the point of both *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Walden v. Fiore*, 134 S. Ct. 1115 (2014). *Daimler* teaches that general jurisdiction does not apply to a defendant unless the defendant is "at home" in the forum.  *Walden* teaches that it is the *defendant's* contacts with the forum state in connection with the subject matter of the dispute—not the *plaintiffs'* contacts—that determine whether the defendant is subject to specific jurisdiction in the forum. Much of plaintiffs' briefing focuses on the fact that the

plaintiffs are located in California and on supposed contacts by CanAm, or its subsidiary Darford Holding Company, Inc., that are not related to the suit. The Supreme Court made clear in *Walden* that the plaintiffs' location is irrelevant for purposes of determining personal jurisdiction. Instead, it is the defendant's own contacts with the forum state relating to the dispute that matter.

In this case, CanAm is a Canadian company that purchased the assets of a distressed Canadian company out of a Canadian receivership. As part of that transaction, it recognized a prior indebtedness owed to plaintiff Ocean SW by signing a promissory note that expressly provides for the application of Canadian law; that note is the subject matter of plaintiffs' lawsuit against CanAm. Plaintiff USPN also claims in the suit that, as part of that transaction, CanAm orally agreed to certain obligations that USPN claims CanAm breached. CanAm also entered into a Distribution Agreement and Sub-Lease with USPN, pursuant to which CanAm sub-leased a facility from USPN in Milan, Missouri. CanAm manufactures and distributes products from that Missouri facility.

The fact that CanAm makes sales into California is not enough to create either general or specific personal jurisdiction when plaintiffs' claims do not arise out of those sales. Nor is it sufficient that plaintiffs are located in California, even if CanAm may have communicated by phone and email with them while plaintiffs were in California. The Court should grant the motion to dismiss or, alternatively, transfer this case to the Western District of Missouri, where it could have originally been brought and where CanAm has filed its claims against Plaintiffs.[1]

/ / /

/ / /

/ / /

---

[1] *CanAm Pet Treats Inc. v. Ocean SW, Inc. and U.S. Pet Nutrition, LLC*, United States District Court for the Western District of Missouri, Case No. 4:14-cv-00877-BCW.

## II. CANAM IS NOT SUBJECT TO GENERAL JURISDICTION IN CALIFORNIA

CanAm is certainly not subject to general jurisdiction in California. The United States Supreme Court recently reaffirmed that general jurisdiction over a corporation exists *only* where the corporation's contacts are so constant and pervasive as to "render it essentially at home" in the forum state. *Daimler*, 134 S. Ct. at 751; *Martinez v. Aero Caribbean*, 2014 WL 4100585, *1 (9th Cir. 2014). The Supreme Court clarified what that means in *Daimler*:

> For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. With respect to a corporation, the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction. Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable. These bases afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims.

134 S. Ct. at 760 (internal punctuation and citations omitted). Importantly, the Supreme Court explained that "[a] corporation that operates in many places can scarcely be deemed at home in all of them." 134 S. Ct. at 762 n. 20. In the end, Daimler teaches that, absent exceptional circumstances that show some other basis to find a corporation "at home" in the forum, a plaintiff may sue a defendant corporation in only three places: (1) the forum that has specific jurisdiction because the lawsuit stems from the defendant's contacts with that forum; (2) the defendant's place of incorporation; and (3) the defendant's principal place of business.

In this case, the only contacts that plaintiffs can show that CanAm has with California are (1) communications and business dealings with companies in California (that is, the plaintiffs), (2) sales into the state, and (3) alleged activities of a CanAm wholly owned subsidiary, Darford, which plaintiffs claim is CanAm's agent. These are precisely the kinds of contacts that the Supreme Court found insufficient in

*Daimler* to create general jurisdiction.  Indeed, the contacts of the defendant and its subsidiary in *Daimler* went well beyond the asserted contacts of CanAm and its subsidiary here,[2] as Daimler or its subsidiary had its own facilities and employees in California, made 10% of its United States sales in California, and was the largest supplier of luxury vehicles in California.  *Id.* at 752.  In contrast, CanAm has no employees or facilities in California, and its sales are nowhere near the levels of the defendant in *Daimler*.

CanAm is not "essentially at home" in California.  Therefore, it is not subject to general jurisdiction here.

### III.   CANAM IS NOT SUBJECT TO SPECIFIC JURISDICTION IN CALIFORNIA

A defendant's contacts with a resident of the forum state alone are insufficient to establish personal jurisdiction to satisfy due process; instead, "the defendant's suit-related conduct must create a *substantial connection with the forum State*."  *Walden*, 134 S.Ct. at 1121 (emphasis added).  It is undisputed that CanAm is a Canadian company that has no physical presence in California—it has no employees or offices in California.  The promissory note at issue in this case expressly states that it is subject to Canadian law, and arose out of a Canadian receivership.  CanAm's only United States facility is in Milan, Missouri, which is a facility that was formerly used

---

[2] Plaintiffs grossly mischaracterize CanAm's and Darford's supposed contacts with California, through statements as to which plaintiffs could not possibly have personal knowledge.  While we could move to strike such assertions or contradict them with sworn declarations by persons with actual knowledge, there is no point, because, even if everything plaintiffs say were true, plaintiffs do not come close to establishing either general or specific jurisdiction over CanAm.  This is to say nothing of the fact that Darford's contacts are irrelevant to either general or specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. _____, 131 S. Ct. 2846, 2850 (2011).

1  by plaintiff USPN.  CanAm's suit-related conduct created a substantial connection
2  with Canada and with Missouri.  But it did not create a substantial connection with
3  California.
4       Plaintiffs can point to only a few, limited contacts that CanAm
5  supposedly has with California: (1) CanAm communicated with plaintiffs while
6  plaintiffs were in California and entered into agreements with plaintiffs; (2) USPN has
7  a California facility that it used to ship CanAm products; and (3) CanAm makes sales
8  into California.  Those contacts are not sufficient to create personal jurisdiction in a
9  suit over the promissory note and an alleged oral agreement.  The recent Northern
10 District of California case *IPS Shared Technical Services, Inc. v. Overwatch Systems,*
11 *Ltd.*, 2014 WL 2110341 (N.D. Cal. May 20, 2014) is instructive.  There, Overwatch, a
12 Texas company, hired California's IPS as a subcontractor on a defense contract.
13 Although the contract (as well as amendments) was negotiated in part in California,
14 Overwatch sent payments to California, and an audit of the contract was conducted by
15 a government agency in California, the Court found that there was no specific
16 personal jurisdiction.  Here, CanAm's suit-related contacts are far more attenuated
17 than Overwatch's.  This case is about a debt assumed by CanAm in British Columbia,
18 governed by British Columbia law, and alleged oral obligations relating to CanAm's
19 Canadian asset acquisition.  The communications with plaintiffs related specifically to
20 purchasing the assets out of a Canadian receivership.  Not surprisingly, the promissory
21 note expressly provides for the application of Canadian law.   Any payment (or failure
22 to pay) by CanAm would necessarily be from British Columbia (to California, of
23 course).  Any default by CanAm under the alleged oral agreement with USPN would
24 necessarily occur in British Columbia as well.  These facts are insufficient to create
25 specific personal jurisdiction under *Walden* and *Overwatch*.
26 / / /
27 / / /

## IV. THE COURT SHOULD DENY PLAINTIFFS' REQUEST FOR JURISDICTIONAL DISCOVERY

Although the Court may in its discretion allow limited jurisdictional discovery "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary," *Data Disc, Inc. v. Systems Tech. Assoc., Inc.,* 557 F.2d 1280, 1285 n. 1 (9th Cir.1997), the mere hunch that discovery "might yield jurisdictionally relevant facts" is insufficient. *Boschetto v. Hansing,* 539 F.3d 1011, 1020 (9th Cir.2008). Here, plaintiffs certainly know any facts they could possibly assert to support specific jurisdiction. Indeed, they seek no additional discovery concerning specific jurisdiction, instead asking only for discovery they contend relates to general jurisdiction. For example, they question whether discovery might show that CanAm has bank accounts in California. CanAm does not have California bank accounts, but it would not matter in any event. Plaintiffs do not suggest, nor could they, that there is any chance they will find evidence to refute that CanAm is a British Columbia-based company, whose only U.S. facility is in Milan, Missouri. CanAm can be sued in either place for all purposes, but none of the discovery plaintiffs seek would make CanAm subject to general jurisdiction in California under *Daimler*.

## V. CONCLUSION

For all of the reasons stated in our opening brief and reply, the Court should either dismiss this case or transfer it to the Western District of Missouri, where it could have been brought in the first instance.

DATED:  October 6, 2014                                 TONKON TORP LLP

By:  */s/ Steven M. Wilker*
STEVEN M. WILKER, SBN 150946
Attorneys for Defendant CanAm Pet Treats, Inc.

**CERTIFICATE OF SERVICE**

   I, Steven M. Wilker, hereby certify that on this 6th day of October, 2014, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

               By: */s/ Steven M. Wilker*
                   Steven M. Wilker, SBN 150946

097204/00001/5937922v2